pletely new and independent concern. Although the employees were employed by this new company for the same positions, at the same salary levels, their fringe benefits were significantly altered. More specifically, the new employer did not preserve the employees' right to severance. Indeed, the agreement of sale of Hussey Inc. specified that the *former* employer would be responsible for the payment of all severance benefits. In this case the fact that the employees were hired by the *successor* company in the same jobs at the same pay levels will not relieve the *former* employer from its obligation.[1]

I would, therefore, affirm.[2]

---

564 A.2d 157

**Joseph FERKO and Ann Ferko, his wife, Appellants,**

**v.**

**Michael L. SPISAK and Patricia A. Spisak, his wife, and the Borough of North East, Pennsylvania, Rocco J. and Dinah Jo Tomasino, Daniel R. and Elinor Morse, and Robert B. Haslett, Executor of the Estate of Lochner Tenney.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1989.

Decided Oct. 6, 1989.

Reargument Denied Nov. 30, 1989.

---

**1.** *Accord: Anthony v. Jersey Central Power & Light Co.,* 51 N.J.Super. 139, 143 A.2d 762 (1958); *Hinkeldey v. Cities Service Oil Co.,* 470 S.W.2d 494 (Mo.1971); *Chapin v. Fairchild Camera & Instrument Corp.,* 31 Cal.App.3d 192, 107 Cal.Rptr. 111 (1973); *Mace v. Conde Nast Publications, Inc.,* 155 Conn. 680, 237 A.2d 360 (1967); *Clarke v. Brunswick Corp.,* 48 Mich.App. 667, 211 N.W.2d 101 (1973).

**2.** There is no need for us to address the cross appeal of the class plaintiffs as it is clear that the subsequent modification of the severance policy by LLE on June 1, 1984, was of no effect. The trial judge did not err in awarding the class plaintiffs severance benefits up to a maximum of twelve weeks of their current base pay, as that was the severance policy and rate of pay in effect at the time of severance.

Eugene J. Brew, Jr., McClure & Miller, Erie, for appellants.

Robert J. Jeffery, Orton, Dunlavey & Jeffery, P.C., North East, for Michael L. and Patricia Spisak.

Cathy M. Lojewski, North East, for other appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

PER CURIAM:

Order affirmed.

564 A.2d 157

**Appeal of Judith B. KAHLE, a member of the Police Force of the Township of Foster, County of McKean, State of Pennsylvania.**

**Appeal of Judith B. KAHLE.**

Supreme Court of Pennsylvania.

Argued Sept. 26, 1989.

Decided Oct. 6, 1989.

Walter Stenhach, Stenhach & Stenhach Law Offices, Coudersport, for appellant.